```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Ray Tylicki,                          :
     Plaintiff,                  :
                                       :
     v.                          :       File No. 1:07-CV-201
                                         :
Diane Lavallee, Clerk,                :
Chittenden County Superior            :
Court,                                :
     Defendant.                  :

## OPINION AND ORDER
(Doc. 9)

Plaintiff Ray Tylicki, proceeding *pro se*, moves the Court to re-open a case that was dismissed nearly three years ago. The case began when Tylicki moved to proceed *in forma pauperis* and submitted a proposed complaint alleging that Diane Lavallee, a state court clerk, refused to accept his lawsuit against the University of Vermont. This Court denied the motion to proceed *in forma pauperis* because Tylicki had not disclosed sufficient information about his financial status, allowing him 30 days to complete the financial information or pay the filing fee. The Court also found that the complaint was insufficient, and granted leave to amend. Tylicki failed to either supplement his financial information or amend the complaint, and the case was dismissed on October 31, 2007. On April 28, 2008, the Second Circuit dismissed Tylicki's appeal for failure to pay the docket fee.

Tylicki now seeks to re-open the case, claiming that defendant Lavallee continues to reject his papers. He has not

cited any specific rule authorizing his motion.  Reading Tylicki's *pro se* submission liberally, and interpreting it to raise the strongest argument it suggests, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), the Court construes the motion as a filing under Fed. R. Civ. P. 60(b).

Rule 60(b) motions permit final judgments to be vacated and are "addressed to the sound discretion of the district court."  Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) lists five specific grounds for relief, as well as a sixth catchall category.  Motions under Rules 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"), 60(b)(2) ("newly discovered evidence"), and 60(b)(3) ("fraud, misrepresentation, or misconduct") must be made "no more than a year after the entry of the judgment" that is sought to be reopened.  See Fed. R. Civ. P. 60(c)(1).  Since more than one year passed between the entry of final judgment in this case and Tylicki's present motion, these grounds for relief are unavailable.

Rule 60(b)(4) allows a case to be reopened if the judgment that closed it is void.  "A judgment is void . . . only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  Grace v. Bank Leumi

Trust Co., 443 F.3d 180, 193 (2d Cir. 2006) (internal citation omitted).  Here, there is no dispute that the Court had both subject matter and personal jurisdiction.  With regard to due process, the Court provided Tylicki ample time in which to submit his financial information and amend his complaint.  He failed to take any action in response, and thus neglected his "duty to process his case diligently."  Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982).

Rule 60(b)(5) permits reopening if the judgment has been "satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]"  Fed. R. Civ. P. 60(b)(5).  This subsection is usually applied where a party seeks relief from either an injunction or a consent decree and can show "a significant change either in factual conditions or in law."  Agostini v. Felton, 521 U.S. 203, 215 (1997). Rule 60(b)(5) is therefore inapplicable.

Finally, the catchall provision of Rule 60(b)(6) permits the Court to "vacate judgments whenever necessary to accomplish justice."  Fed. R. Civ. P. 60(b)(6).  Such relief must be sought within a "reasonable time," see Fed. R. Civ. P. 60(c)(1), and can be granted "only in extraordinary circumstances."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (internal citation omitted); Nemaizer, 793 F.2d at 61

3


("final judgments should not be lightly reopened" under Rule 60(b)(6)).

Tylicki's motion does not satisfy either the timeliness or the "extraordinary circumstances" requirements of Rule 60(b)(6).  First, the motion is untimely.  As noted above, this case was dismissed on October 31, 2007.  Tylicki's present motion was filed in March 2010, approximately 29 months after the Court's ruling.  See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (holding that plaintiff's Rule 60(b) motion "was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances").  The motion also comes nearly two years after the Second Circuit dismissed his appeal.  See Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (Rule 60(b) motion made eighteen months after judgment was not made within a reasonable time).

Second, Tylicki's case is not "extraordinary."  He offers no justification for waiting over two years to try to revive his cause of action.  His only explanation for returning at this time is that the defendant allegedly continues to deny him access to the state court.  While these facts may give rise to a separate cause of action, they do not justify opening a case that was closed nearly three years ago.

Tylicki's motion to re-open the case is therefore DENIED.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 9th day of September, 2010.

                                     <u>/s/ J. Garvan Murtha</u>
                                     Honorable J. Garvan Murtha
                                     Senior United States District Judge